UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Manuel N.M., | No. 26-cv-224 (MJD/DJF) |
| Petitioner, | |
| v. | **REPORT AND** |
| Kristi Noem, et al., | **RECOMMENDATION** |
| Respondents. | |

This action is before the Court on Petitioner Manuel N.M.'s Petition for a writ of habeas corpus ("Petition"). U.S. Immigration and Customs Enforcement ("ICE") detained Petitioner on January 12, 2026 at an ICE detention facility in Minnesota. Petitioner states that he is legally present in the United States based on T Nonimmigrant Status. He seeks an order directing Respondents to either release him immediately or provide him with a bond hearing pursuant to 8 U.S.C. § 1226(a). Petitioner also seeks an order awarding him his attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"), as amended, 28 U.S.C. § 2412. For the reasons given below, the Court recommends that the Petition be granted, Respondents be ordered to release Petitioner, and Petitioner be awarded his attorney's fees and costs.

## BACKGROUND

Petitioner is a national of Ecuador who entered the United States in around 2004 (ECF No. 1 ¶ 4), presumably without legal authorization. On March 13, 2023, however, U.S. Citizenship and Immigration Services ("USCIS") approved Petitioner for "T Nonimmigrant Status". (*Id*.) T nonimmigrant status, also called a "T Visa", is a relatively rare admission status available to noncitizens who: (1.) are victims of a severe form of human trafficking; and (2.) assist law

enforcement in the detection, investigation, or prosecution of such trafficking. *See* USCIS, *Questions and Answers: Victims of Human Trafficking, T Nonimmigrant Status*.[1] The United States approves only 5,000 T-Nonimmigrant Status applications per year. *Id*. T Visa recipients are eligible for work authorization and may apply for adjustment of status to legal permanent residence after three years if they remain physically present in the United States. *Id*. USCIS deems T Visa recipients to be lawfully admitted into the United States. *Id*. ("After receiving a T visa, victims may be eligible for permanent residence if they have been continuously physically present in the United States for 3 years after they were first *lawfully admitted* as a T nonimmigrant.") (emphasis added.) Petitioner's T Visa is valid from March 13, 2023 through March 12, 2027. (ECF No. 1 ¶ 4.) Respondents have proffered no evidence to suggest Petitioner committed any criminal offenses or that his T Visa was revoked for any other reason. Respondents further do not allege that they have obtained an order of removal or even initiated removal proceedings against Petitioner. Based on this record the Court concludes that Petitioner was legally admitted on March 13, 2023 and currently remains in legal admission status.

Notwithstanding Petitioner's legal status, ICE arrested Petitioner and detained him on January 12, 2026. (*Id.* ¶ 2.) They detained him, at least initially, at an ICE detention facility at Ft. Snelling in Minnesota. (*Id.* ¶ 5 at 3.[2]) Before he was detained, Petitioner lived in Minneapolis, Minnesota with his wife and children. (*Id.*)

---

[1] *Available at:* https://www.uscis.gov/humanitarian/victims-of-human-trafficking-and-other-crimes/victims-of-human-trafficking-t-nonimmigrant-status/questions-and-answers-victims-of-human-trafficking-t-nonimmigrant-status (last visited Jan. 23, 2026).

[2] The Petition contains two different paragraphs numbered "5", on pages 2 and 3. To address this clerical error, the Court refers to the page number in addition to the paragraph number.

## PROCEDURAL HISTORY

Petitioner filed his Petition on January 13, 2026. (ECF No. 1.) The Court issued an Order to Show Cause that same day directing Respondents to file an Answer by January 15, 2026, including "[s]uch affidavits and exhibits as are needed to establish the lawfulness and correct duration of Petitioner's detention in light of the issues raised in the habeas petition." (ECF No. 3.) The Order further enjoined Respondents from removing Petitioner from the District of Minnesota until a final decision is made. (*Id.*)

On January 16, 2026, counsel for Respondents sent an email to the Court requesting an Order of dismissal on the ground that Petitioner had been released. That same day, Petitioner's counsel emailed the Court, stating that ICE had seized Petitioner's employment authorization documents and was refusing to return them. He further stated that if the parties could not resolve that issue, he might seek to amend his Petition to request that the documents be returned. The Court responded by setting a briefing schedule and ordering the parties to brief the disputed issues. (ECF No. 4.) Respondents' brief, filed January 20, 2026, states vaguely that Respondents "transferred" him to El Paso, Texas on January 12, 2026 "where she [sic] remains," and requests dismissal with prejudice. (ECF No. 5.) Though Respondents' brief purports to attach a supporting declaration, no declaration is attached, and the brief contains no citations to authority or argument supporting Respondents' request for dismissal with prejudice. (*Id.*) Respondents' brief does not explicitly state whether Petitioner was released after his transfer, or whether—as is likely—he is still in custody, such that Respondents' previous request for dismissal was based on a misrepresentation to the Court. Respondents' brief furthermore fails to address their position regarding Petitioner's request that they return his employment authorization documents.

3

Finding Respondents' brief was nonresponsive to the Court's briefing order (ECF No. 4), the Court ordered Respondents to file a letter by January 22, 2026: (1.) clarifying whether Petitioner is currently detained and whether Respondents previously misrepresented his release status; and (2.) either confirming that Petitioner's employment authorization documents have been returned or stating Respondents' position as to why they should not be returned to him immediately. (ECF No. 6.) The Court's deadline for Respondents to file the letter has now passed and they have not complied. Thus, they have still failed to state clearly on the record whether Petitioner has been released and whether Petitioner's employment documents have been, or will be, returned. Because the Court concludes, for the reasons set forth below, that insofar as Petitioner has not been released Respondents are detaining him unlawfully, any further delay caused by Respondent's failure to respond to the Court's Orders is unwarranted. The Court therefore recommends that Respondents be ordered to release Petitioner immediately if they have not already done so. Because the record regarding Plaintiff's request to amend is not developed, the Court recommends Plaintiff's request to amend the Petition be denied without prejudice.

## DISCUSSION

**I.      The Court has Jurisdiction to Consider the Petition.**

Respondents' brief suggests but does not squarely raise the question of whether Petitioner's alleged[3] transfer to El Paso, Texas on January 12 divests this Court of jurisdiction to consider his Petition filed one day later. (*See* ECF No. 5, arguing that because they transferred Petitioner to El Paso on January 12, the Petition should be dismissed "with prejudice" as "moot".) Since the Court

---

[3] Because Respondents failed to submit the Declaration cited in their brief or any documentation establishing exactly when the transfer took place, the Court cannot conclude that the transfer took place before the Petition was filed as Respondents allege. But because the Court finds it has jurisdiction even assuming Respondents' allegation is true, it need not reach a conclusive finding on this question.

anticipates a potential objection to this Report and Recommendation on that ground, the Court briefly addresses this issue. Other judges in this district have addressed the impact of a habeas petitioner's pre-petition transfer on the Court's jurisdiction and denied Respondents' motion to dismiss on that ground. *See, e.g., Aleksander B. v. Trump*, No. 26-cv-170 (KMM/DJF) (D. Minn. Jan. 22, 2026) (ECF No. 18 at 4-8). Under the "district of confinement" rule, a district court generally has jurisdiction to consider a habeas petition only in the district where the detainee is confined. *Id*. at 4 (citing *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004)). In *Aleksander B.*, however, the court held that an exception to this rule applies when a habeas petitioner is initially arrested and detained in this District, ICE moves him without notice, the government has not been forthcoming about his location, and his whereabouts are unknown despite counsel's diligent attempts to locate him. *Id*. at 5-8. The Court concludes that the same rationale applies here: ICE transferred Petitioner from Minnesota to Texas without notice and his counsel had no way of knowing where he was when counsel filed the Petition on his behalf. Indeed, from this record it appears that even *Respondents' counsel* may not have known about the transfer until Respondents filed their brief on January 20. Finally, Respondents' continued refusal to clarify whether Petitioner was released or remains detained in Texas plainly illustrates their failure to be forthcoming about his location. For these reasons, the Court concludes that Petitioner's alleged pre-Petition transfer to Texas does not divest it of jurisdiction to consider the Petition.

The Court further finds that Petitioner's transfer to Texas does not render the Petition "moot." Respondents have avoided stating on the record that Petitioner is no longer detained. If they have in fact released him, they should file a declaration and supporting documents establishing the date, time and location of his release. Until they do so, the Court cannot conclude that the Petition is moot.

II.     **Petitioner's Continued Detention is Unlawful**.

Respondents cannot lawfully arrest and detain noncitizens without some legal basis for doing so. Despite ample opportunity for briefing, Respondents have asserted no basis at all for Petitioner's arrest and detention in this case. Respondents' waiver of any argument alleging a basis for detention is alone sufficient grounds to warrant an order for Petitioner's release.

Moreover, Petitioner alleges he has a valid, unexpired T Visa, and there is no information to suggest otherwise. He has therefore been "admitted" to the United States. Detention of noncitizens who have been admitted falls under 8 U.S.C. § 1226. *See, e.g., Belasi D.S. v. Bondi, et al.*, No. 25-cv-03682 (KMM/EMB) (Oct. 1, 2025) (ECF No. 14 at 13, "[Section] 1226 authorizes the Government to detain certain aliens already in the country pending the outcome of removal proceedings, while § 1225 provides for detention of those who are seeking admission into the country.") (cleaned up). To detain noncitizens under Section 1226, Respondents must have a statutory basis for detention and must provide them with a bond hearing before an Immigration Judge with the discretion to determine whether continued detention is appropriate. *See* 8 U.S.C. § 1226(a); *Belasi*, No. 25-cv-03682 (ECF No. 14 at 14); *see also Yeferson G.C. v. Easterwood*, No. 25-cv-4814 (MJD/DJF) (Jan. 21, 2026) (ECF No. 14 at 4-5). Here, there is no evidence in the record to suggest Petitioner was provided with a bond hearing as required under that statute.

Furthermore, Section 1226 states that a person may be arrested and detained pursuant to its provisions only upon issuance of an administrative warrant. 8 U.S.C. § 1226(a); *see also Yeferson*, No. 25-cv-4815 (ECF No. 14 at 5-6); *Ahmed M. v. Bondi*, 25-cv-04711 (ECT/SGE) (ECF No. 8 at 7-8). Respondents produced no such warrant in this case despite the Court's directive to produce all such "affidavits and exhibits as are needed to establish the lawfulness and correct duration of

6

Petitioner's detention." Because Respondents have failed to establish that Petitioner's arrest and detention is lawful, they should be ordered to release him immediately to the extent that he remains in custody.

### III. Attorney's Fees Should be Awarded.

Petitioner requests an award of his attorney's fees and costs under the Equal Access to Justice Act ("EAJA"), as amended, 28 U.S.C. § 2412. Under the EAJA, a prevailing party may obtain attorney's fees only when the position of the United States was not "substantially justified." *See Cornella v. Schweiker*, 728 F.2d 978, 981-82 (8th Cir. 1984). Here, the Court recommends granting all the relief Petitioner requests. He is therefore the "prevailing party." Moreover, given that Respondents have not even attempted to assert a lawful basis for arresting and detaining Petitioner, the Court concludes that Respondents' position is not substantially justified.

### IV. Petitioner's Request to Amend the Petition Should be Denied Without Prejudice.

In his email exchanges with the Court, Petitioner indicated he may seek to amend his Petition to assert a demand that his employment authorization documents be returned. Petitioner's concern is valid: Respondents should return his employment authorization documents upon releasing him as there appears to be no lawful basis to withhold them. But while Petitioner's demand is potentially meritorious, no motion to amend as yet has been filed. Therefore, neither the legal nor factual grounds for it are developed on this record, and an immediate grant of the Petition for release is otherwise warranted for the reasons set forth herein. Moreover, the Court questions whether a petition for a writ of habeas corpus is the appropriate procedural vehicle for Petitioner's demand. *See, e.g., Starnes v. Roy,* No. 18-cv-0618-NEB-KMM, 2019 WL 8017854, at *14 (D. Minn. Oct. 9, 2019), *report and recommendation adopted,* 2020 WL 888702 (D. Minn. Feb. 24, 2020) (holding that claims for the return of seized property are not cognizable in habeas

7

proceedings); *Kruger v. Erikson*, 77 F.3d 1071, 1073 (8th Cir. 1996) ("The essence of habeas corpus is an attack by a [detainee] on the legality of [his] custody."); *see also Lazarus v. Lynch,* 671 F. App'x 651 (9th Cir. 2016) (finding court lacked jurisdiction to consider immigration detainee's challenge to withholding of documents because it implicated his removal proceedings); *But see da Silva v. LaForge,* No. 25-cv-17095 (EP), 2026 WL 45165, at *4 (D.N.J. Jan. 7, 2026) (holding court had authority to hear immigration petitioner's challenge to his conditions of release, which included ICE's continued retention of his documents).

Because this question is unsettled and the record on this issue is wholly undeveloped, amendment of the Petition at this juncture is not supported by good cause. The Court therefore recommends that any request to amend the Petition be denied without prejudice, such that Petitioner may assert his demand for the return of his authorization documents in a separate legal proceeding if Respondents continue to withhold them without justification.

## RECOMMENDATION

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT**:

1. Petitioner Manuel N.M.'s Petition for a Writ of Habeas Corpus (ECF No. 1) be **GRANTED**;

2. Respondents be ordered to return Petitioner to Minnesota immediately if he is still in ICE custody and release Petitioner upon his return;

4. Respondents be ordered to file a status update in seven days, confirming that they have released Petitioner, and stating the date, time and location of his release; and

5. Respondents be ordered to reimburse Petitioner his reasonable costs and fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated: January 23, 2026                                   *s/ Dulce J. Foster*
                                                         DULCE J. FOSTER
                                                         United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  *See* Local Rule 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).